REGAN, Judge.
Plaintiff, Edward Farrell, the owner of the improved property designated by the municipal number 2117 Independence Street in the City of New Orleans, instituted this suit against the defendants, Mr. and Mrs. Lawrence Bouche, the owners of 2121 Independence Street, endeavoring to obtain an injunction ordering the defendants to cease interfering with the plaintiff’s right to erect a community fence in conformity with the requirements of a city ordinance [1] and requesting the rendition of a judgment for one-half the cost thereof, or the sum of $120.06.
*227 Defendants pleaded an exception of prematurity predicated on the fact that the plaintiff had not yet expended any money for the construction of the fence, which was maintained, and then answered asserting that there was no need for the construction of a legal fence on that part of the property line where there now exists an adequate 52' wire fence, but conceded that for a distance of 38' [2] on the rear portion of the property line there is no fence.
From a judgment enjoining the defendants from interfering with plaintiff’s right to erect a legal fence along the entire length of the line dividing the two properties and his right to remove the existing fence, in conformity with the aforementioned ordinance of the City of New Orleans, defendants have prosecuted this sus-pensive appeal.
The record reveals that the plaintiff during the year 1948 purchased and subsequently resided in the property designated by the municipal number 2117 Independence Street. At that time and for several months prior thereto there existed a 52' wire fence which had been erected by the defendants along the property line and which was joined in the rear by an 18' picket fence connected to the corner of the plaintiff’s garage. When the plaintiff endeavored to remove and replace the existing fence with another fence, a dispute arose between plaintiff’s wife and the defendants relative to the necessity for replacing the existing fence. The parties were unable to reach an amicable agreement, and therefore the plaintiff resorted to legal action and now insists upon exercising his right to construct a fence on the property line in strict compliance with the requirements of the city ordinance referred to hereinabove and to enjoin the defendants from interfering with his right to remove the wire fence and erect in place thereof the fence provided in the city ordinance.
Since a fence does separate the respective properties which is not acceptable to one of the parties, the only question posed for our consideration is whether the plaintiff possesses the legal right to remove the existing fence and replace it with a fence conforming to the requirements of the ordinance.[3]
In view of the fact that the respective owners of these properties were unable to amicably agree on any other type of party fence, it appears that the plaintiff does possess the right to have the court enforce the mandatory rationale of Ordinance No. 13,-925, Commission Council Series, Sections 2, 3, and 5, which categorically provide:
“Sec. 2. * * * a substantial and suitable party fence up to a set-back building line, shall consist of one (1") inch by twelve (12") inch feather-edge pine boards nailed horizontally seven boards high across pine posts four (4") inch by six (6") inch not more than eight (8') feet apart set (3') feet in the ground. Such fence shall not extend beyond the building line into the front yard setback * * *.
“Sec. 3. * * * that portion of a substantial and suitable party fence which encloses the front yard space as mentioned in Section 2 of this Ordinance shall consist of open type picket fence not over four (4) feet high all-dressed pine lumber, pickets not less than three-quarter (3-4") inch thick by three (3") inches wide nailed with two (2") inch spaces between same to two (2") inch by four (4") inch top and bottom stringers secured to four (4") inch post on not less than six (6') *228 feet centers, set two (2') feet into the ground.
******
“Sec. 5. * * * However, nothing shall be construed in this Ordinance as to prevent the owners of such lots to be divided to agree on any other type party fence than is described in this Ordinance. * * * ”
Defendants’ counsel insists, despite the provisions of the ordinance, that since an adequate fence does separate these properties, we should exercise our discretion in the matter and permit the existing fence to remain. Considering the mandatory terms of the foregoing ordinance we cannot as judges substitute our wisdom or discretion for that of the City Fathers; to do so would be to usurp the prerogatives of the legislator rather than retain, as judges, the role of interpreter of the law in conformity with the nature of the judicial function.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. No. 13,925 Commission Council Series.

. In his answer defendants assert 38'; however, in brief they assert that the distance is 18'.

. LSA-Oivil Code, Article 680 provides: “Everyone has a right to compel his neighbor within the cities and towns, and their suburbs, of this State, to contribute to the making and repairing of the fences held in common, by which their houses, yards and gardens are separated, which shall be made in the manner in which is or may be prescribed by the regulations of the police on this subject.”